IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEAN COULTER,** <br> Plaintiff <br><br> v. <br><br> **UNKNOWN PROBATION OFFICER,** *et al.*, <br> Defendants | **CIVIL NO. 1:12-CV-2067** <br><br> (Judge Rambo) <br><br> FILED <br> HARRISBURG, PA <br> APR 2 2 2013 <br> MARY E. D'ANDREA, CLERK <br> Per _____ Deputy Clerk |

## MEMORANDUM

On October 15, 2012, Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983. The Defendants are Unknown Probation Officers, Extended Stay America, and Colleen Murphy. Extended Stay America and Murphy filed a motion to dismiss with supporting brief on February 28, 2013. (Docs. 6 & 7.) On March 20, 2013, Plaintiff filed an amended complaint. (Doc. 8.) This court directed Extended Stay America and Murphy to withdraw their motion to dismiss, file an amended motion, or rely on its currently-pending motion to dismiss. (Doc. 9.) Extended Stay America and Murphy filed an amended motion to dismiss on March 29, 2013. (Doc. 10.) A brief in support of the motion to dismiss was filed on April 17, 2013. (Doc. 12.)

On April 17, 2013, Plaintiff Coulter filed a "Request for Review of the Assignment of the Honorable Sylvia H. Rambo In Violation of Local Rule 73.1, and Motion to Compel Disclosure of the Identity of Defendant Unknown Probation Officer and Stay of Proceedings Until Identity is Discovered." (Doc. 13.)

Coulter claims this court violated Local Rule 73.1, which requires the clerk of court to notify the parties in a civil action that they may consent to have a

magistrate judge conduct any and all proceedings in a civil case. Coulter claims that this court's failure to comply with Local Rule 73.1 requires this court to recuse herself from this case. Local Rule 73.1 provides as follows:

> LR 73.1 Magistrate Judges, Special Provisions for the Disposition of Civil Cases on Consent of Parties – 28 U.S.C. § 636 (c).
> (a) Notice.
> The clerk of court shall notify the parties in all civil cases that they may consent to have a magistrate judge conduct any or all proceedings in the case and order the entry of a final judgment. Such notice shall be handed or mailed to the plaintiff or his or her representative at the time an action is filed and to other parties as attachments to copies of the complaint and summons, when served.

Middle District of Pennsylvania Local Rule 73.1.

As Coulter sets forth in her motion and as the rule states, it is the responsibility of clerk of court, not the judge, to provide the required notice under Local Rule 73.1. A review of the docket entries in the case shows that the clerk of court issued a summons to all parties to the case on October 15, 2012. As a matter of course, the clerk of court attaches a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge Form ("Magistrate Consent Form") to the summons. Neither the summons nor the Magistrate Consent Form were returned to the court, and therefore are presumed delivered.

If per chance the Magistrate Consent Form was not attached to the summons, it was an oversight of the clerk of court and not the judge. In any event, the rule does not prevent the parties from mutually agreeing to disposition of a case by a magistrate judge at any stage of the proceedings.

Coulter has not stated any basis to support the request for recusal by the assigned judge.

2

Coulter also requests an order by this court to direct the Commonwealth to name the Unknown Probation Officer defendants in this case. This is a matter that can be pursued by Coulter in discovery if her case survives the currently pending motion to dismiss. Accordingly, no such order to produce the names will be entered by this court. Likewise, the court will not stay the proceedings until the names of the Unknown Probation Officers are disclosed.

Coulter also claims this court has placed this case on a faster than normal schedule. As of this date, no case management order has been entered. The fact that Defendants have filed a motion to dismiss five months after the filing of the complaint does not mean this case is on a "fast track." A defense to a pleading on the basis of "failure to state a claim upon which relief can be granted" can be filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. This is usually done early in the proceedings, which Defendants have elected to do. In short, this court has not placed this litigation on a "fast track."

For the foregoing reasons, Coulter's requests will be denied. An appropriate order will issue.

SYLVIA H. RAMBO
United States District Judge

Dated: April 22, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN COULTER,<br><br>    Plaintiff<br><br>v.<br><br>UNKNOWN PROBATION<br>OFFICER, *et al.*,<br><br>    Defendants | CIVIL NO. 1:12-CV-2067<br><br><br><br>(Judge Rambo) |

## ORDER

AND NOW, this 22 day of April, 2013, **IT IS HEREBY ORDERED** that Plaintiff's motion filed on April 17, 2013 (Doc. 13) is **DENIED**.

                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: April 22, 2013.