IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN COULTER, | |
| Plaintiff | CIVIL NO. 1:12-CV-2067 |
| v. | |
| UNKNOWN PROBATION OFFICER, *et al.*, | (Judge Rambo) |
| Defendants | |

# **M E M O R A N D U M**

Presently before the court is *pro se* Plaintiff Jean Coulter's motion for reconsideration pursuant to Federal Rule of Civil Procedure 59. (Doc. 19.) In that motion, Plaintiff requests the court to reconsider its memorandum and order dated May 22, 2013, dismissing Plaintiff's amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 18.) For the following reasons, the court will deny Plaintiff's motion.

## I.     **Background**

Plaintiff commenced this action by filing a complaint on October 15, 2012, (Doc. 1), asserting claims for violations of 42 U.S.C. § 1983. Following Defendants' motion to dismiss for failure to state a claim, Plaintiff filed an amended complaint on March 20, 2013. (Doc. 8.) The amended complaint set forth two claims as follows: "a.) Violation of Fundamental Right to Housing, Violation Freedom of Association"; and "b.) Violation of Fifth and Sixth Amendment to the Constitution, involving Right to Due Process and Fair Trial Provisions." (Doc. 8, Causes of Action, ¶¶ 1(a) & (b).) On March 28, 2013, Defendants filed a second motion to dismiss the amended complaint for failure to state a claim. (Doc. 10.) In

deciding the motion, the court interpreted the amended complaint as liberally as possible, and found that Plaintiff was attempting to bring the following claims: (1) a Fourteenth Amendment right to housing claim; (2) a housing discrimination claim under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*; (3) a First Amendment right of association claim; (4) a Fifth and Fourteenth Amendment right to substantive due process claim; (5) criminal conspiracy; and (6) a Sixth Amendment right to a fair trial claim. On May 22, 2013, the court granted Defendants' motion and dismissed the case. (Doc. 18.) Plaintiff now seeks reconsideration of that order of dismissal. On July 2, 2013, Defendants filed a brief in opposition to Plaintiff's motion. (Doc. 20.) Plaintiff has not filed a reply brief, and the time to do so has expired. Thus, the motion is ripe for consideration.

**II.      Standard**

A motion to alter or amend a judgment (hereinafter, referred to interchangeably as a "motion for reconsideration") is governed by Federal Rule of Civil Procedure 59(e), which allows a party to move to alter or amend a judgment within twenty-eight (28) days of its entry. *Baker v. United States*, 2012 U.S. App. LEXIS 2816, *7-8, n.5 (3d Cir. Feb. 13, 2012). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its judgment]; or (3) the need to correct a clear error

of law or fact or to prevent manifest injustice." *Max's Seafood Café, ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)).

These three narrow allowances are the only permissible grounds for a motion to reconsider. "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (internal quotations omitted). Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. *McDowell Oil Serv. Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993). "Reconsideration of judgment is an extraordinary remedy, [and] such motions are to be granted sparingly." *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999); *see also Jacobs v. Dist. Attorney's Office*, 2013 U.S. Dist. LEXIS 99782, *5 (M.D. Pa. July 17, 2013).

### III.     Discussion

Plaintiff raises several arguments in favor of reconsideration of the court's May 22, 2013 order. Having considered each argument, the court finds that reconsideration is not warranted. Initially, the court notes that Plaintiff does not argue an intervening change in controlling law, or the availability of new evidence. Rather, each of Plaintiff's arguments are based on the need to correct a clear error of law or prevent a manifest injustice. The court will address each argument *ad seriatum.*

Plaintiff first argues that dismissal of Plaintiff's Fifth and Fourteenth Amendment substantive due process claims was improper because the court's holding, that Defendant Unknown Officer's decision to deny Plaintiff residence at Extended Stay-Horsham did not "shock to the conscience," was in error. (Doc. 19, p. 2.) In support, Plaintiff argues that electronic monitoring was not a condition imposed by any court, and thus Defendants were illegally imposing an additional condition of confinement, a situation which should shock the conscience. Plaintiff presented this exact argument in opposition to Defendants' motion to dismiss the amended complaint and the court gave it due consideration in granting that motion. (*See* Doc. 12, p. 1.) Thus, Plaintiff is merely attempting to reargue a matter already considered by the court, and reconsideration can not be granted on this basis.

Plaintiff next argues that the court's determination that Defendants' actions did not "shock the conscience" produced a manifest injustice because the court "voluntarily assumed the role of Counsel for Defendant in order to raise this point . . . ." (Doc. 19, p. 3.) Notwithstanding the nonsensical nature of this argument, the court notes that, in direct contradiction to Plaintiff's argument, the court carefully scrutinized Plaintiff's *pro se* amended complaint in an effort to ascertain every conceivable type of legal claim Plaintiff could have brought based on the facts alleged. Although Plaintiff did not affirmatively bring a substantive due process claim, which requires conscience-shocking conduct by a government employee, the court nevertheless interpreted the amended complaint as liberally as possible and found that Plaintiff was attempting to bring such a claim. Thus, if anything, the court assumed the role of Plaintiff's counsel, not defense counsel. In

any event, this argument does not demonstrate a manifest injustice and, therefore, does not warrant reconsideration of the order of dismissal.

Plaintiff's third argument is that the court's determination that Defendants' actions did not "shock the conscience" creates a manifest injustice because the court is required to look at Defendants' actions as whole, as well as the results of those actions, rather than analyzing each action individually. Plaintiff contends that the court's failure to consider all the circumstances of this case "results in judicial sanctioning of 'vigilante justice.'" (Doc. 19, p. 5.) This contention, in essence, is a fabrication of a legal standard with no legal basis. In any event, the court reassures Plaintiff that all circumstances of this case were considered in exhaustive fashion. Thus, this argument fails.

Plaintiff's fourth argument is that the court improperly considered two exhibits attached to Defendants' motion. Plaintiff asserts that because "none of the Defendants in this case are, or indeed ever were, authorized by any Statute to impose sentence, the inclusion and consideration of these documents is entirely improper, prejudicial, and produces a situation where the Court's impartiality must be doubted." (Doc. 19, pp. 5-6.) The documents at issue are court opinions and a docket sheet, which were included to show Plaintiff's history as a vexations litigant as well as her criminal history. The court concluded that the documents were public records for which the court could properly take judicial notice and, furthermore, were relevant to the court's analysis in deciding the motion. The court rejects Plaintiff's argument, as it is unclear how Defendants' lack of authorization to impose a sentence affects the court's ability to take judicial notice of these documents. Accordingly, the court will deny the motion on this basis.

5

Finally, Plaintiff challenges this court's analysis determining that the private Defendants (Extended Stay and Colleen Murphy) were not state actors under Section 1983 because, pursuant to the "close nexus test," the complaint did not allege facts sufficient to show that either Murphy or Extended Stay were acting on behalf of, or in concert with, Unknown Officer, the only state actor. Specifically, the court found that "[t]he entirety of the allegations linking Extended Stay or Murphy to the Unknown Officer are a single conversation wherein Unknown Officer allegedly conveyed unspecified 'half-truths and out-right falsifications.'" (Doc. 18, p. 10.) Plaintiff argues that the court failed to view this conversation "in the larger context, which includes comments made by Defendant Murphy concerning her reasoning which resulted in the complete change of heart concerning Coulter's residence in Horsham." (Doc. 19, p. 6.) Having reviewed Plaintiff's depiction of the "larger context," as set forth in her motion for reconsideration, the court finds that no clear error of law or manifest injustice has been created by the court's conclusion that Extended Stay and Colleen Murphy were not state actors, in part because the court properly considered the larger context when determining to dismiss this case, and in part because the court nevertheless assumed, *arguendo*, that Extended Stay and Murphy were state actors, and still found that Plaintiff failed to state a valid claim. Thus, this argument also fails.

**IV.** **Conclusion**

In short, Plaintiff has failed to demonstrate the presence of a change in controlling law, newly discovered evidence, or a clear error of law or manifest

injustice. Accordingly, Plaintiff's motion for reconsideration will be denied. An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated: July 24, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEAN COULTER,

    Plaintiff

v.

UNKNOWN PROBATION
OFFICER, *et al.*,

    Defendants

CIVIL NO. 1:12-CV-2067

**(Judge Rambo)**

# O R D E R

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration (Doc. 19) is **DENIED**.

                          s/Sylvia H. Rambo
                          United States District Judge

Dated: July 24, 2013.